1    RONALD J. HOLLAND, Bar No. 148687
     rholland@littler.com
2    ELLEN M. BRONCHETTI, Bar No. 226975
     ebronchetti@littler.com
3    MICHAEL G. PEDHIRNEY, Bar No. 233164
     mpedhirney@littler.com
4    LITTLER MENDELSON
     A Professional Corporation
5    650 California Street, 20th Floor
     San Francisco, California 94108.2693
6    Telephone:     415.433.1940
     Fax No.:     415.399.8447
7

8    Attorneys for Plaintiff
     WASTE MANAGEMENT OF ALAMEDA COUNTY, INC.

9            UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

**EMC**

**C 07     3675**

11

12    WASTE MANAGEMENT OF ALAMEDA
     COUNTY, INC.,

13               Plaintiff,

14

15         v.

16    WAREHOUSE UNION LOCAL NO. 6,
     INTERNATIONAL LONGSHORE AND
     WAREHOUSE UNION,

17               Defendant.

Case No.

**COMPLAINT FOR DAMAGES
UNDER 29 U.S.C. §185(a)**

18

19

20        COMES NOW Plaintiff Waste Management of Alameda County, Inc. ("Plaintiff" or

21 "WMAC") and complains against Defendant Warehouse Union Local No. 6, International

22 Longshore and Warehouse Union ("Defendant," "Local 6," or "the Union"), as follows:

23                   <u>**JURISDICTION**</u>

24        1.     This is a suit for damages pursuant to Section 301(a) of the Labor

25 Management Relations Act ("LMRA"), 29 U.S.C. §185(a) (hereinafter referred to as "Section 301").

26 This Court has jurisdiction under Section 301, under 28 U.S.C. §1331 relating to civil actions arising

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**COMPLAINT**

ORIGINAL
FILED

JUL 17 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  under the Constitution, laws and treaties of the United States, and under 28 U.S.C. §1337 relating to

2  civil actions or proceedings arising under an act of Congress regulating commerce.

3                                    **VENUE**

4          2.    Venue is proper in the Northern District of California under 28 U.S.C. §§

5  84(a) and 1391(b) because a substantial part of the events or omissions giving rise to this action

6  occurred in this judicial district.

7                        **INTRADISTRICT ASSIGNMENT**

8          3.    This case should be assigned to either the San Francisco Division or the

9  Oakland Division of the United States District Court for the Northern District of California, in that a

10 substantial part of the events or omissions giving rise to the claims for relief occurred in Alameda

11 County.  Northern District Civil Local Rule 3-2(c),(d); 3-5(b).

12                                   **PARTIES**

13         4.    Plaintiff is, and at all material times was, a corporation organized and existing

14 under the laws of the State of California with its principal place of business in Alameda County,

15 California, with facilities located throughout Alameda County.

16         5.    Plaintiff is an enterprise engaged in the business of comprehensive waste

17 management services, specializing in the collection, disposal, transportation and recycling of waste

18 and landfill operations, and other related facilities in the Alameda County area.  Those facilities are

19 located at 172 98th Avenue in Oakland, California ("WMAC Hauling"); 2615 Davis Street in San

20 Leandro, California ("Davis Street Transfer Station"); 7010 Automall Parkway in Fremont,

21 California ("Tri-Cities Recycling and Disposal Facility"); 10840 Altamont Pass Road in Livermore,

22 California ("Altamont Landfill & Resource Recovery Facility"); and 6175 Southfront Road in

23 Livermore, California ("Livermore Dublin Disposal Facility").

24         6.    Plaintiff is, and at all times material hereto was, an employer engaged in

25 commerce and in an industry affecting commerce as defined in 29 U.S.C. §142(1) and (3) and

26 29 U.S.C. §152(2), (6) and (7), and within the meaning of Section 301.

27         7.    Defendant Local 6 is, and at all times material hereto was, a voluntary

28 unincorporated association and labor union organized and existing under the laws of the State of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

COMPLAINT                                    2.

1  California with its principal place of business in Alameda County, California. Local 6 maintains an

2  office and place of business at 99 Hegenberger Road, Oakland, California 94621.

3         8.   Local 6 is a labor organization within the meaning of Section 2(5) of the

4  National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), and a labor organization representing

5  employees in an industry affecting commerce within the meaning of Section 301. At all times

6  material hereto, Local 6 acted as a labor organization representing certain of Plaintiff's employees,

7  including employees at the following location(s): WMAC Hauling, Davis Street Transfer Station,

8  Tri-Cities Recycling and Disposal Facility, Altamont Landfill & Resource Recovery Facility,

9  Livermore Dublin Disposal Facility.

10                   **CITIZENSHIP OR AMOUNT IN CONTROVERSY**

11         9.   Under Section 301, United States District Courts have original jurisdiction of

12  actions arising out of violations of contracts between employers and labor organizations, regardless

13  of citizenship or amount in controversy.

14                          **FACTUAL ALLEGATIONS**

15         10.   Plaintiff has entered into a series of collective bargaining agreements with

16  Local 6 covering certain of Plaintiff's employees. Plaintiff currently has three collective bargaining

17  agreements ("the Agreements") between the Parties covering three separate bargaining units:

18  Clerical, Recycling, and Site Maintenance.

19         11.   The Clerical Agreement covers the period from November 1, 2004 through

20  October 31, 2009. A true and correct copy of the Clerical Agreement is attached hereto as Exhibit A

21  and is incorporated herein by reference as though fully set forth. The Clerical Agreement covers

22  Plaintiff's employees employed as full-time and regular part-time office clericals, including

23  customer service representatives (CSRs), lead CSRs, payroll clerks, cash processing clerks, accounts

24  payable clerks, collections clerks, accounts receivable clerks, operations clerks, dispatch clerks,

25  maintenance clerks, switchboard operators, receptionists, data entry clerks and mail room clerks at

26  WMAC Hauling, Davis Street Transfer Station, Tri-Cities Recycling and Disposal Facility,

27  Altamont Landfill & Resource Recovery Facility, and Livermore Dublin Disposal Facility.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

COMPLAINT              3.

1        12.    The Recycling Agreement covers the period from June 1, 2005 through May

2    31, 2010. A true and correct copy of the Recycling Agreement is attached hereto as Exhibit B and is

3    incorporated herein by reference as though fully set forth. The Recycling Agreement covers certain

4    of Plaintiff's employees employed as Recycling Sorters/Material Handlers and Recycling Equipment

5    Operators at the Davis Street Transfer Station.

6        13.    The Site Maintenance Agreement covers the period from January 25, 2005

7    through January 24, 2011. A true and correct copy of the Site Maintenance Agreement is attached

8    hereto as Exhibit C and is incorporated herein by reference as though fully set forth. The Site

9    Maintenance Agreement covers Plaintiff's employees employed as Site Maintenance employees,

10   Utility Operators, Collectors, and Heavy Equipment Operators at the Tri-Cities Recycling and

11   Disposal Facility and the Altamont Landfill & Resource Recovery Facility, and for Utility-Salvage

12   employees and Collectors at the Davis Street Transfer Station.

13       14.    The Agreements between Plaintiff and Local 6 contain nearly identical "No-

14   strike/No-lockout" provisions which prohibit strikes during the term of the Agreements. The "No-

15   strike/No-lockout" provisions provide, in relevant part, that:

16           The Union, its members and representatives agree that it and they will
     not engage in, authorize, sanction or support any strike, slowdown,

17           stoppage of work, curtailment of production, concerted refusal of
     overtime work, refusal to operate designated equipment (provided

18           such equipment is safe and sound) or to perform customary duties, or
     to reject promotions without justifiable personal reasons.

19

20           Neither the Union nor any representative thereof shall engage in job
     action for the purpose of effecting changes in the existing practices,
     nor to effect a change of personnel or operations of management or of

21           employees not covered by this Agreement.

22   The relevant "No Strikes-No Lockouts" provisions are located in Section 24 of the Clerical

23   Agreement (See Exhibit A), Section 12 of the Recycling Agreement (See Exhibit B), and Section 11

24   of the Site Maintenance Agreement (See Exhibit C).

25       15.    On or about July 12, 2005, WMAC and Local 6 entered into a letter of

26   understanding to clarify the "No-strike/No-lockout" clauses of the Agreements. A true and correct

27   copy of the Letter of Understanding is attached hereto as Exhibit D and is incorporated herein by

28   reference as though fully set forth. The Letter of Understanding provides, in relevant part, that:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

COMPLAINT                  4.

> The Union, its members and representatives agree that it and they will not engage in, authorize, sanction, or support any strike, slowdown, stoppage of work, curtailment of production, concerted refusal of overtime work, refusal to operate designated equipment (provided such equipment is safe and sound) or to perform customary duties or to reject promotions without justifiable, personal reasons. The parties interpret the above language to prohibit sympathy strikes.

16. The Letter of Understanding was incorporated in Section 24 of the Clerical Agreement, Section 12 of the Recycling Agreement, and Section 11 of the Site Maintenance Agreement.

17. The Agreements between Plaintiff and Local 6 contain nearly identical provisions which give Local 6 employees the right to refuse to cross a lawful primary picket line. The picket line clause provides as follows:

> Any action of the employees leaving jobs for their own protection in cases of a legally declared strike by some other union directly working on the job, if such strike is sanctioned and approved by the Labor Body, or Council having jurisdiction, shall not constitute a violation of this Agreement.

The picket line provisions are located in Section 24(b) of the Clerical Agreement (See Exhibit A), Section 12(b) of the Recycling Agreement (See Exhibit B), and Section 11(b) of the Site Maintenance Agreement (See Exhibit C).

18. International Brotherhood of Teamsters, Local Union 70 ("Local 70") is, and at all times material hereto was, a voluntary unincorporated association in which employees participate and which exists, in whole or in part, for the purpose of dealing with employers concerning grievances, labor disputes, wages, pay scales, hours of employment or conditions of work.

19. Local 70's principal place of business is located at 70 Hegenberger Road, Oakland, CA 94621. Local 70 is a labor organization within the meaning of Section 2(5) of the NLRA, 29 U.S.C. §152(5).

20. Local 70 and WMAC have been parties to a series of collective bargaining agreements covering certain of WMAC's employees. Their most recent collective bargaining agreement expired on or about June 30, 2007. Negotiations between Local 70 and WMAC have

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

COMPLAINT                                5.

1  failed to result in a new collective bargaining agreement. Local 70 and WMAC are engaged in a

2  labor dispute arising out of their respective bargaining demands relating to their negotiation of a new

3  collective bargaining agreement covering certain of WMAC's employees.

4      21. On July 2, 2007, WMAC implemented a lockout of all Local 70 bargaining

5  unit employees that was effective on that date at 5:00 p.m..

6      22. On July 3, 2007, Local 70 established picket lines in front of WMAC's

7  facilities located at WMAC Hauling, Davis Street Transfer Station, Tri-Cities Recycling and

8  Disposal Facility, Altamont Landfill & Resource Recovery Facility, Livermore Dublin Disposal

9  Facility. Local 70 established these picket lines in support of its labor dispute with WMAC.

10      23. Starting on July 3, 2007, and continuing to date, some WMAC employees

11  who are members of all three Local 6 bargaining units have refused to cross the picket lines

12  established by Local 70 in support of its labor dispute with WMAC.

13      24. Local 6 authorized, sanctioned, encouraged, caused, supported, condoned

14  and/or ratified its members' refusal to cross Local 70's picket lines. Moreover, Local 6 coerced and

15  threatened its members with substantial monetary penalties and discharge if any of them were to go

16  to work thereby crossing any established Local 70 picket line.

17      25. Specifically, on or about June 27, 2007, June 28 and again during a Union

18  meeting on June 30, 2007 with WMAC employee-members of Local 6, representatives of Local 6,

19  including union stewards Anjanette Levingston and Amy Gallo and Union business agents Fred

20  Pecker and Efren Alarcon, informed members of Local 6 employed by WMAC that Local 6 would

21  fine any member who crosses a Local 70 picket line $500 for each time the member crosses such

22  picket line. For purposes of this Complaint, names of specific Local 6 employees are omitted based

23  on employees' fear of reprisal.

24      26. During the Union meeting on June 30, 2007, Union business agent Efren

25  Alarcon held up a copy of the Union's constitution and told WMAC employee-members that the

26  Constitution allowed the Union to impose such fines on anyone who crossed Local 70's picket line.

27  As a result, Plaintiff believes Local 6 employees did not cross picket lines for fear of being assessed

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

COMPLAINT       6.

1    multiple $500 fines per day. For purposes of this Complaint, names of specific Local 6 employees

2    are omitted based on employees' fear of reprisal.

3          27.    In addition, from on or about July 3, 2007 continuing to the present date,

4    Local 6 employees, with the knowledge and encouragement of Local 6, have joined Local 70 picket

5    lines including carrying Local 70's picket signs.

6          28.    Plaintiff's business is entirely reliant on continuity of service to customers,

7    with whom WMAC has contractual relationships. The work stoppages caused by Local 6 and its

8    members who are employees of WMAC have resulted in the shutdown of all or parts of clerical,

9    recycle sorting, and site maintenance functions at Plaintiff's operations. Such interruption in

10   Plaintiff's operations has severely hampered Plaintiff's ability to comply with its contractual

11   obligations to its customers and the communities served by Plaintiff.

12         29.    In addition, the Local 6 work stoppage created delays in services that resulted

13   in substantial damages being incurred by Plaintiff.

14                          **CLAIM FOR RELIEF**

15   **[Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a)]**

16         30.    Plaintiffs allege the facts contained in Paragraphs 1 through 29 above as

17   though set forth herein in their entirety.

18         31.    Local 6 is strictly precluded from supporting this strike by encouraging its

19   members to join a Local 70 picket or by coercing or threatening its members to respect Local 70's

20   picket lines.

21         32.    Plaintiff entered into the Agreements with Local 6 in good faith, *inter alia*, to

22   obtain the regular, uninterrupted and faithful services of Local 6's members who are employees of

23   Plaintiffs. In furtherance of this objective, Article 24 of the Clerical Agreement, Article 12 of the

24   Recycle Agreement, and Article 11 of the Site Maintenance Agreement impose the contractual

25   obligation on Local 6 and its members who are employees of Plaintiff not to engage in, support,

26   sanction or encourage a strike or work stoppage during the term of the Agreement.

27         33.    Moreover, while Local 6's members are permitted under the Agreements,

28   under certain circumstances, to refuse to cross or work behind a lawful primary picket line, it is a

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

COMPLAINT                                    7.

1    violation of the Agreements and federal labor law for Local 6 and its representatives to threaten any

2    fine, sanction, discipline, or discharge of any kind against members who wish to cross a Local 70

3    picket line, or are considering doing so.

4         34.    Local 6 and its officers, agents, representatives and employees have

5    supervision and control over the actions and conduct of its members who are employees of Plaintiffs

6    and have the power to control and/or reverse any actions taken by these members.

7         35.    Local 6 has also breached its contractual obligations to Plaintiff by failing to

8    take adequate affirmative steps necessary and available to it to prevent the illegal strike or work

9    stoppage by its members and by failing to take the necessary affirmative steps to terminate the

10   illegal, coercive and threatening conduct of its representatives and/or members described above. By

11   its failure to act, Local 6 has breached its Agreements with Plaintiff and has condoned and/or

12   acquiesced in the illegal conduct of its officers, agents and members and therefore has ratified such

13   conduct.

14        36.    The conduct and actions of Local 6 and its members and/or the failure of

15   Local 6 to act to terminate the illegal conduct of its members, as described above, have breached the

16   Agreements, in particular the compulsory grievance and arbitration procedures and the no strike

17   provisions of the Agreements. As a result of Local 6's breach of the Agreements, Plaintiff has been

18   deprived of the benefits of the Agreements as well as the labor peace and stability attendant thereto.

19   As a result, Plaintiff's work, production and business operations have been seriously disrupted, all to

20   Plaintiff's substantial monetary damage and injury to its reputation and business good will.

21        37.    As a direct and proximate result of the conduct and actions of Local 6 and its

22   members and/or the failure of Local 6 to act to terminate the illegal conduct of its officers, agents

23   and members, as described above, and Local 6's breach of the Agreements, Plaintiff has suffered

24   substantial monetary damages as well as substantial injury to its reputation and business good will in

25   a sum to be determined at trial, but in an amount in excess of $75,000.

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

COMPLAINT                                    8.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For damages according to proof;

2.    For any equitable relief that the Court deems just and proper;

3.    For costs of suit and attorneys' fees incurred; and

4.    For such other and further relief as the Court deems just and proper.

Dated: July 17, 2007

RONALD J. HOLLAND
ELLEN M. BRONCHETTI
MICHAEL G. PEDHIRNEY
LITTLER MENDELSON
A Professional Corporation

Attorneys for Plaintiff
WASTE MANAGEMENT OF ALAMEDA
COUNTY, INC.

Firmwide:82740678.2 046609.1326

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

COMPLAINT

9.