Kenneth C. Absalom (SBN 114607)
LAW OFFICES OF NEVIN & ABSALOM
22 Battery Street, Ste.333
San Francisco, CA 94111
Telephone: (415)392-5040
Facsimile: (415) 392-3729

Attorneys for Defendant
Warehouse Union Local No.6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASTE MANAGEMENT OF ALAMEDA COUNTY, INC., <br><br> Plaintiff, <br><br> v. <br><br> WAREHOUSE UNION LOCAL NO.6, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, <br><br> Defendant | C 07 3675 EMC <br><br> ANSWER TO COMPLAINT FOR DAMAGES |

COMES NOW Defendant WAREHOUSE UNION LOCAL NO.6, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION and answers the Complaint herein as follows:

### JURISDICTION

1. Answering Paragraph 1 of the Complaint, Defendant admits the allegations contained therein.

### VENUE

2. Answering Paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

### INTRADISTRICT ASSIGNMENT

3. Answering Paragraph 3 of the Complaint, Defendant admits the allegations contained

ANSWER TO COMPLAINT FOR DAMAGES
Case #C 07 3675 EMC

therein.

## PARTIES

4. Answering Paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

5. Answering Paragraph 5 of the Complaint, Defendant admits the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, Defendant admits the allegations contained therein.

7. Answering Paragraph 7 of the Complaint, Defendant admits the allegations contained therein.

8. Answering Paragraph 8 of the Complaint, Defendant Admits the allegations contained therein.

## CITIZENSHIP OR AMOUNT IN CONTROVERSY

9. Answering Paragraph 9 of the Complaint, Defendant admits the allegations contained therein.

## FACTUAL ALLEGATIONS

10. Answering Paragraph 10 of the Complaint, Defendant admits the allegations contained therein.

11. Answering Paragraph 11 of the Complaint, Defendant admits the allegations contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant admits the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, Defendant admits the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, Defendant admits that the three (3) collective bargaining agreements referenced in the Complaint contain language titled "No strikes/No lockout", which is accurately quoted in part in Paragraph 14, line 16 through 21 of the Complaint.

Defendant further admits that such language is reflected in the Sections of the collective bargaining agreements identified at Paragraph 14, lines 22 through 24. Except as so expressly admitted, Defendant denies each and every other allegation contained in Paragraph 14, and specifically denies that the quoted language reflects the parties' entire agreement with respect to the so-called "No strike/No lockout" provisions of the applicable collective bargaining agreements. Defendant further denies that such provisions "prohibit strikes during the term of the agreements".

15. Answering Paragraph 15 of the Complaint, Defendant admits the accuracy of the first two sentences thereof. Defendant further admits that the quoted language appearing in lines 1 through 4 on page 5 of the Complaint, is contained in the so-called Letter of Understanding, but denies that language is the only relevant part of such letter. Except as expressly admitted herein, Defendant denies each and every other allegation contained in Paragraph 15 and objects to such allegation to the extent that it calls for a legal conclusion; to that extent Defendant is not required to either deny or admit such allegations.

16. Answering Paragraph 16 of the Complaint, Defendant admits the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, Defendant admits the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Defendant admits the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant admits the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 20. As to the remaining allegations contained in Paragraph 20, Defendant admits that at the time the Complaint was filed Local 70 and WMAC were engaged in a labor dispute, and further avers that such labor dispute was the result of an offensive lockout initiated by WMAC against Local 70. Said labor dispute has since been resolved. Excepts as so expressly admitted, Defendant denies each and

1  every other allegation contained in Paragraph 20.

2      21.    Answering Paragraph 21 of the Complaint, Defendant admits the allegations
3  contained therein.

4      22.    Answering Paragraph 22 of the Complaint, Defendant admits the allegations
5  contained therein.

6      23.    Answering Paragraph 23 of the Complaint, Defendant admits that starting on July 3,
7  2007 some WMAC employees who are members of all three Local 6 bargaining units refused to
8  cross the picket lines established by Local 70 in support of its labor dispute with WMAC.  Except
9  as so expressly admitted, Defendant denies each and every other allegations contained in Paragraph
10  23.

11      24.    Answering Paragraph 24 of the Complaint, the allegations contained therein constitute
12  legal opinions and conclusions of law to which it is neither appropriate nor required that Defendant
13  admit or deny such allegations.

14      25.    Answering Paragraph 25 of the Complaint, Defendant lacks sufficient information
15  to form a belief as to the accuracy of the allegations therein, and on that basis said allegations are
16  denied.

17      26.    Answering Paragraph 26 of the Complaint, Defendant lacks sufficient information
18  to form a belief as to the truth of the allegations contained therein, and on that basis said allegations
19  are denied.

20      27.    Answering Paragraph 27 of the Complaint, Defendant lacks sufficient information
21  to form a belief as to the accuracy of the allegations contained therein, and on that basis said
22  allegations are denied.

23      28.    Answering Paragraph 28 of the Complaint, Defendant lacks sufficient information
24  to form a belief as to the accuracy of the allegations contained therein, and on that basis said
25  allegations are denied.

26      29.    Answering Paragraph 29 of the Complaint, Defendant lacks sufficient information
27  to form a belief as to the accuracy of the allegations contained therein, and on that basis said

28

allegations are denied.

## CLAIM FOR RELIEF

**[Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a)]**

30. Answering Paragraph 30 of the Complaint, Defendant incorporates herein as though fully set forth each and every admission and denial it has propounded to Paragraph 1 through 29, above.

31. Answering Paragraph 31 of the Complaint, Defendant denies each and every allegations contained therein.

32. Answering Paragraph 32 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis the allegations are denied.

33. Answering Paragraph 33 of the Complaint, Defendant admits that "Local 6's members are permitted under the Agreements, under certain circumstances, to refuse to cross or work behind a lawful primary picket line".  Except as so expressly admitted herein Defendant denies each and every allegation contained in Paragraph 33 of the Complaint.

34. Answering Paragraph 34 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 34, and on that basis said allegations are denied.  In addition, said allegations appear to call for a legal conclusion or opinion to which no answer from Defendant is required.

35. Answering Paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

36. Answering Paragraph 36 of the Complaint, Defendant denies each and every allegation contained in the first sentence thereof.  As to the remaining allegations contained in Paragraph 36, Defendant lacks sufficient information to form a belief as to the accuracy of said allegations and on that basis each and every such allegation is denied.

37. Answering Paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

1. As and for its First Separate and Affirmative Defense to the allegations contained in the Complaint, Defendant avers that the Complaint fails to state a claim upon which relief may be granted.

2. As and for its Second Separate and Affirmative Defense to the allegations contained in the Complaint, Defendant avers that the Plaintiff has failed to exhaust its administrative remedies prior to bringing suit herein.

3. As and for its Third Separate and Affirmative Defense, Defendant avers that Plaintiff has failed to exhaust its obligations to submit such disputes to the internal grievance and arbitration procedure provided under the applicable collective bargaining agreement.

4. As and for its Fourth Separate and Affirmative Defense, Defendant avers that Plaintiff's claim for relief is subject to preemption under the National Labor Relations Act, as amended, 29 U.S.C. §158 *et seq*.

5. As and for its Fifth Separate and Affirmative Defense, Defendant avers that Plaintiff's claim for relief is barred under the doctrine of unclean hands.

6. As and for its Sixth Separate and Affirmative Defense, Defendant avers that Plaintiff's claim for relief is barred under the doctrine of laches.

7. As and for its Seventh Separate and Affirmative Defense, Defendant avers that Plaintiff has failed to undertake reasonable measures to mitigate its damages.

WHEREFORE, Defendant prays for the following relief:

1. That Plaintiff take nothing by its Complaint herein;
2. That Defendant be awarded its reasonable costs or suit herein;
3. That Defendant be awarded its reasonable attorney fees incurred in responding to the within cause;
4. That Plaintiff's Complaint be dismissed with prejudice in its entirety; and

5. That the Court grant Defendant such other and further relief as it may deem just and proper.

Dated: August 28, 2007                               LAW OFFICES OF NEVIN & ABSALOM

/S/
By:_____
KENNETH C. ABSALOM
Attorney for Defendant

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure Defendant hereby demands a trial by jury of all issues which may be subject to a jury trial.

Dated: August 28, 2007                               LAW OFFICES OF NEVIN & ABSALOM

By:_____/s/_____
Kenneth C. Absalom
Attorneys for Defendant

ANSWER TO COMPLAINT FOR DAMAGES
Case #C 07 3675 EMC

- 7 -