RONALD J. HOLLAND, Bar No. 148687
rholland@littler.com
ELLEN M. BRONCHETTI, Bar No. 226975
ebronchetti@littler.com
MICHAEL G. PEDHIRNEY, Bar No. 233164
mpedhirney@littler.com
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, California 94108.2693
Telephone:      415.433.1940
Fax No.:        415.399.8447

Attorneys for Plaintiff
WASTE MANAGEMENT OF ALAMEDA COUNTY, INC.

KENNETH C. ABSALOM, Bar No. 114607
kenabsalom@333law.com
LAW OFFICES OF NEVIN & ABSALOM
22 Battery Street, Ste. 333
San Francisco, California 94111
Telephone:      415.392.5040
Fax No.:        415.392.3729

Attorneys for Defendant
WAREHOUSE UNION LOCAL NO. 6, INTERNATIONAL
LONGSHORE AND WAREHOUSE UNION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WASTE MANAGEMENT OF ALAMEDA COUNTY, INC.,<br><br>                         Plaintiff,<br><br>      v.<br><br>WAREHOUSE UNION LOCAL NO. 6, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>                         Defendant. | Case No. CV 07 3675 WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>Date:        October 18, 2007<br>Time:        11:00 a.m.<br>Courtroom:   9, 19th Floor<br><br>Judge:       The Honorable William H. Alsup |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

CASE NO. CV 07 3675 WHA

The parties to the above-entitled action jointly submit this Joint Case Management Statement and [Proposed] Order and request the Court to adopt it as its Case Management Order in this case.

### 1.    Jurisdiction and Service

This Court has jurisdiction under Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a) (hereinafter referred to as "Section 301"), under 28 U.S.C. §1331 relating to civil actions arising under the Constitution, laws and treaties of the United States, and under 28 U.S.C. §1337 relating to civil actions or proceedings arising under an act of Congress regulating commerce.  Plaintiff Waste Management of Alameda County ("Plaintiff" or "WMAC") has served Defendant Warehouse Union Local No. 6, International Longshore and Warehouse Union ("Local 6") with the Summons and Complaint.

### 2.    Factual Issues

Plaintiff provides refuse collection and disposal services to a number of East Bay communities, with two hauling sites, one transfer station and three landfills in the East Bay.  Plaintiff has entered into a series of collective bargaining agreements with Local 6 covering approximately 350 of Plaintiff's employees.  At all times relevant to the Complaint, Plaintiff had three collective bargaining agreements ("the Agreements") with Local 6 covering three separate bargaining units, known as the "Clerical," "Recycling," and "Landfill" bargaining units.  The employees perform a wide variety of clerical, billing, customer service, and dispatch functions at WMAC's hauling and post-collection facilities.  The Recycling and Landfill units perform a majority of the operational functions at the post-collection (i.e. disposal) sites.  The Agreements between Plaintiff and Local 6 contain nearly identical "No-Strike/No-Lockout" provisions.

On or about July 12, 2005, WMAC and Local 6 entered into a letter of understanding to clarify the "No-Strike/No-Lockout" clauses of the Agreements.  The Letter of Understanding was incorporated in each of the Agreements.  The present dispute concerns the interpretation and application of these provisions. Plaintiff contends that the Union violated these provisions, the Union contends that it did not.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                    1.                    CASE NO. CV 07 3675 WHA

1    Plaintiff has also been a party to a collective bargaining agreement with International

2    Brotherhood of Teamsters, Local Union 70 ("Local 70"). Local 70 represents approximately 450 of

3    Plaintiff's drivers and operators. Their most recent collective bargaining agreement expired on or

4    about June 30, 2007.[1] Effective 5:00 p.m. on July 2, WMAC implemented a lockout of all Local 70

5    bargaining unit employees. The lockout was effective, by its stated terms, until the parties reached a

6    new agreement. On July 3, Local 70 established picket lines in front of WMAC's facilities.

7    On July 26, WMAC and Local 70 reached a new agreement, which was ratified on

8    July 28. Local 70 employees returned to work on July 30. From July 3 until on or about July 30,

9    some WMAC employees who are members of Local 6 bargaining units refused to cross Local 70's

10    picket lines and report to work.

11    Plaintiff contends that during that time, Local 6 representatives authorized,

12    encouraged, and caused its members' refusal to cross Local 70's picket lines. It is also Plaintiff's

13    contention that Local 6 coerced and threatened its members with substantial monetary penalties and

14    discharge if any of them crossed any Local 70 picket line and reported to work. Specifically,

15    Plaintiff alleges that on or about June 27, June 28 and again during a Local 6 membership meeting

16    on June 30, representatives of Local 6, including union stewards Anjanette Levingston and Amy

17    Gallo and union business agents Fred Pecker and Efren Alarcon, told Local 6 members employed by

18    WMAC that Local 6 would fine any member who crossed a Local 70 picket line $500 each time he

19    or she crossed the picket line. In addition, Plaintiff contends that during the June 30 meeting, Local

20    6 President Efren Alarcon held up a copy of Local 6's Constitution and told members that the

21    Constitution allowed Local 6 to impose such fines on anyone who crossed Local 70's picket lines.

22    Plaintiff contends that as a direct result, Local 6 employees did not cross picket lines, for fear of

23    being assessed multiple $500 fines per day.

24    Local 6 members' refusal to report to work resulted in the shutdown of all or parts of

25    the clerical, recycling, and landfill functions at Plaintiff's operations. Such interruption in WMAC's

26    operations severely hampered Plaintiff's ability to comply with its contractual obligations to its

27

28    [1]    All dates shall refer to events occurring in the 2007 calendar year unless otherwise noted.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                2.                CASE NO. CV 07 3675 WHA

1    customers and the communities served by Plaintiff.  In addition, the Local 6 work stoppage created

2    delays in services that resulted in substantial damages incurred by Plaintiff.

3         Defendant contends that it was not prohibited by the applicable provisions of the

4    collective bargaining agreements from engaging in sympathetic actions when Plaintiff instituted an

5    offensive lockout against Teamsters Local 70 and that such action was, and is, protected by Section

6    7 of the National Labor Relations Act, as amended.

7         In summarizing the above, the principal facts in dispute are:

8         Whether Local 6's representatives and agents instructed and/or ordered its members

9    to honor picket lines established by Local 70 at WMAC's facilities.

10        Whether Local 6 breached its Agreements with Plaintiff by instructing and/or

11   ordering its members to not to cross picket lines established by Local 70 at WMAC's facilities.

12        Whether Local 6's representatives and agents threatened fines and/or discharge for

13   members who voluntarily chose to cross a Local 70 picket line at a WMAC facility.

14        Whether Local 6 breached its Agreements with Plaintiff by allegedly threatening

15   fines and/or discharge for members who voluntarily chose to cross a Local 70 picket line at a

16   WMAC facility.

17        Whether Plaintiff failed to provide a means of peacefully resolving its disputes with

18   Teamsters Local 70 such that Local 6 was permitted to engage in sympathetic action in accordance

19   with the applicable provisions of its collective bargaining agreements with Plaintiff.

20        Whether Plaintiff suffered damages as the result of the alleged breach(es) by Local 6.

21   **3.     Legal Issues**

22        Whether Local 6 breached its Agreements with Plaintiff by allegedly instructing

23   and/or ordering members to not to cross any Local 70 picket lines at WMAC's facilities.

24        Whether Local 6 breached its Agreements with Plaintiff by allegedly threatening

25   fines and/or discharge for members who voluntarily chose to cross a Local 70 picket line at a

26   WMAC facility.

27        Whether the conduct of Local 6 was protected by Section 7 of the NLRA.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT CASE MANAGEMENT
CONFERENCE  STATEMENT                3.                    CASE NO. CV 07 3675 WHA

Whether the issues in this action are subject to the grievance and arbitration procedures of the collective bargaining agreements.

Whether Plaintiff has standing to challenge Local 6's right to discipline its members., and if so, whether such discipline is protected by the applicable law.

**4.    Motions**

There are no pending motions before this Court.   Plaintiff may file a motion for summary judgment.

Local 6 may file a Rule 11 Motion for sanctions and a motion to compel arbitration

**5.    Amendment of Pleadings**

Neither party anticipates amending any pleadings at this time.

**6.    Evidence Preservation**

The Parties have suspended all document-destruction policies that could have potentially resulted in the destruction of any discoverable information pertinent to this dispute.

**7.    Disclosures**

The parties will exchange initial disclosures on October 18, 2007.

**8.    Discovery**

The parties have not participated in any discovery at this time.

The parties jointly propose to the Court the following discovery plan:

a.    *Discovery will be needed on subjects, including but not limited to:*

The factual and legal issues identified above.

b.    *Discovery Limits:*

Maximum of 25 interrogatories by each party to any other party without stipulation or court order.   FRCP 33(a).   Local 6 does anticipate propounding interrogatories in excess of   the maximum.

Maximum of 35 requests for admission by each party to any other party without stipulation or court order.

Maximum of 12 depositions by each party without stipulation or court order.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

**JOINT CASE MANAGEMENT
CONFERENCE  STATEMENT**                4.                **CASE NO. CV 07 3675 WHA**

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

The parties are not aware of any other pending related cases.

**11.    Relief**

Plaintiff seeks damages in an amount according to proof; attorneys' fees and costs; and any equitable relief that the Court deems just and proper.

Defendant seeks costs of suit and attorneys' fees.

**12.    Settlement and ADR**

The parties have not participated in an Alternative Dispute Resolution program to date, but the parties intend to participate in an Early Neutral Evaluation.

**13.    Consent to Magistrate**

The parties do not consent to assignment of this case to a Magistrate Judge for trial.

**14.    Other references**

Plaintiff believes that this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation. Local 6 is evaluating whether this case is subject to binding arbitration under the applicable collective bargaining agreements.

**15.    Narrowing of Issues**

The parties are not aware of any issues that should be narrowed.

**16.    Expedited Schedule**

This case cannot be handled on an expedited basis with streamlined procedures.

**17.    Scheduling**

a.    *Fact and Expert Discovery Cutoff*:

Fact discovery cutoff: The parties propose that the last day to complete fact discovery be July 25, 2008.

Expert discovery cutoff: The parties propose that expert disclosures be due by June 25, 2008 and that rebuttal disclosures be due by July 10, 2008 and that the last day to complete expert discovery be August 25, 2008.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                5.                CASE NO. CV 07 3675 WHA

1        c.    *Dispositive Motions.*

2            The parties propose that dispositive motions be heard no later than September 5,

3    2008.

4        d.    *Pretrial Conference*

5            The case should be ready for pre-trial conference by October 2008.

6        e.    *Trial*

7            The case should be ready for trial by November 2008.

8    **18.    Trial**

9            The case has been designated for jury trial.  Based on the information presently

10   available to counsel for the parties, the trial is expected to take approximately 5-7 days.

11   **19.    Disclosure of Non-Party Interested Entities or Persons.**

12           Plaintiff filed its Disclosure of Non-Party Interested Entities or Persons on July 17,

13   2007.

14   **20.    Other Matters**

15           The parties are not aware of any other matter as may facilitate the just, speedy and

16   inexpensive disposition of this matter.

17   Dated: October 12, 2007

18

19   RONALD J. HOLLAND
     ELLEN M. BRONCHETTI

20   MICHAEL G. PEDHIRNEY
     LITTLER MENDELSON

21   A Professional Corporation

22   Attorneys for Plaintiff
     WASTE MANAGEMENT OF ALAMEDA

23   COUNTY, INC.

24   Dated: October 12, 2007

25                  /s/
     KENNETH C. ABSALOM, Bar No. 114607
     LAW OFFICES OF NEVIN & ABSALOM

26

27   Attorneys for Defendant
     WAREHOUSE UNION LOCAL NO. 6,

28   INTERNATIONAL LONGSHORE AND
     WAREHOUSE UNION

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

**JOINT CASE MANAGEMENT
CONFERENCE STATEMENT**      6.      **CASE NO. CV 07 3675 WHA**