

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

June 26, 2008

Ronald J. Holland
Direct: 415.677.3119
Direct Fax: 415.399.8490
rholland@littler.com

**VIA E-MAIL**

The Honorable William H. Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue, Courtroom 9
San Francisco, CA 94102

Re:   *Waste Management of Alameda County, Inc. v. Warehouse Union Local No. 6, ILWU* -- Case No. C 07-03675 WHA

Your Honor:

Plaintiff Waste Management of Alameda County, Inc. ("WMAC") hereby requests the Court's intervention in an ongoing discovery dispute between WMAC and Defendant Warehouse Union Local No. 6, ILWU ("Local 6"). WMAC contends that several of Local 6's responses to WMAC's First Request for Production of Documents and First Set of Special Interrogatories are deficient and merit further response. In an attempt to informally resolve this dispute, WMAC sent a letter to Local 6 on May 1, 2008 attempting to "meet and confer" regarding its concerns with respect to Local 6's responses. (Ex. A.) On May 15, 2008, Kenneth Absalom, counsel for Local 6, responded that he would be providing a "comprehensive response" to WMAC's meet and confer letter by the middle of the following week. (Ex. B.) However, Local 6 never provided any such response. On June 5, 2008, WMAC again requested that Local 6 respond to the meet and confer letter. (Ex. C.) However, Local 6 has yet to respond. WMAC requests that the Court order Local 6 to submit further responses to its initial responses to WMAC's First Request for Production of Documents and First Set of Special Interrogatories. Alternatively, WMAC requests that the Court order Local 6 to respond to WMAC's meet and confer invitation by a date certain.

WMAC is sensitive to the fact that Mr. Absalom has needed to spend a significant amount of time attending to his wife, who is suffering from a serious illness, and that he had a trial in early June. However, the non-expert fact discovery cut-off in this case is set for August 22, 2008. It is essential that Local 6 produce all of the requested information to WMAC so that WMAC can proceed with taking the depositions of Local 6's key witnesses prior to the discovery cut-off. Given that the discovery cut-off is approximately two months away, any further delay by Local 6 in providing the requested information will unduly prejudice WMAC. Therefore, WMAC has no choice but to request the intervention of the Court with regard to the parties' discovery dispute.

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM®
650 California Street, 20th Floor, San Francisco, California 94108.2693  Tel: 415.433.1940 Fax: 415.399.8490 www.littler.com

The Honorable William H. Alsup
June 26, 2008
Page 2

### Allegations Underlying Plaintiff's Complaint

WMAC brought the present action against Local 6 based upon its belief that Local 6 violated the "No-Strike/No-Lockout" provisions of the parties' collective bargaining agreements by authorizing, encouraging, and causing its members, who are WMAC employees, to refuse to cross picket lines established by another union at WMAC's facilities. Specifically, WMAC contends that Local 6 violated the parties' labor contracts by unlawfully threatening its members with fines for crossing the other union's picket lines and by actually fining members for such conduct.

### Background Information Regarding Discovery Dispute

WMAC served its First Request for Production of Documents and First Set of Special Interrogatories on February 14, 2008. On April 18, 2008, Local 6 served its responses to WMAC's requests. Despite the fact that Local 6 had been given an additional thirty-five days to respond to WMAC's discovery requests, Local 6 refused to provide responses to several of WMAC's requests and interrogatories, and instead, provided objections that WMAC believes are without any merit.[1] (Ex. A.) WMAC has since made efforts to informally resolve its dispute with Local 6 regarding the deficient responses, but Local 6 has yet to provide any substantive response.[2]

In addition, WMAC has made repeated attempts to schedule dates for depositions of three of Local 6's key witnesses, but Local 6 has only provided WMAC with two potential deposition dates, neither of which were available for WMAC. (*See* Exs. C, F, G.) WMAC has again requested that Local 6 provide available deposition dates for the three witnesses, but Local 6 has yet to offer any dates. (Ex. C.)

### WMAC's Concerns Regarding Local 6's Responses To WMAC's Document Requests and Interrogatories

At the outset, WMAC only wishes to illustrate a few of the prime examples of the deficiencies in Local 6's responses given the three-page limit for seeking discovery relief from the Court that is set forth in Paragraph 26 of the Court's Supplemental Order.

---

[1] On March 6, 2008, Local 6 requested a thirty-day extension to respond to WMAC's request, which WMAC granted. (Exs. D.) Local 6 subsequently requested another five-day extension, which WMAC again granted. (Ex. E.)

[2] WMAC has since served Local 6 with a second request for production of documents. Local 6 failed to timely respond to the request and has not issued any response at all to the second request. Consequently, Local 6 has waived its right to object to any of WMAC's requests set forth in its second request. WMAC is currently attempting to meet and confer with Local 6 to resolve that dispute over the second document request informally.

The Honorable William H. Alsup
June 26, 2008
Page 3

WMAC's belief that Local 6's responses are deficient is set forth in full detail in WMAC's meet and confer letter, which is enclosed as Exhibit A.

WMAC contends that several of Local 6's responses to WMAC's First Request for Production of Documents and First Set of Interrogatories are insufficient and require supplemental responses. Many of Local 6's responses are deficient in that Local 6 repeatedly objects and refuses to produce documents or respond to specific interrogatories on the basis that such requests purportedly seek "confidential internal deliberations of the Local Union and its union membership." Local 6's refusal to produce responsive documents or provide interrogatory responses on such a basis is inappropriate. WMAC is not aware of any authority that suggests that Local 6 may lawfully withhold such information on the basis of the purported confidentiality of such deliberations. Local 6 has not provided WMAC with any legal support for its position, nor has it provided WMAC with a privilege log or any other information providing justification for Local 6's withholding of relevant information.

Local 6 also improperly refused to respond to two of WMAC's interrogatories on the basis that the interrogatories "call for legal conclusions and the analyses and theories of [Local 6's] attorneys." An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. Proc. 33(a)(2); *see also O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 280-81 (C.D. Cal. 1999). Moreover, such interrogatories are not objectionable on the ground that they encroach on attorney work product. *See Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003). Therefore, Defendant's objections on such bases are improper.

**Conclusion**

WMAC's letter only highlights a few of the deficiencies in Local 6's discovery responses. Given the upcoming fact discovery cut-off and Local 6's failure to provide complete responses to WMAC's discovery requests despite WMAC's repeated attempts to meet and confer, WMAC respectfully requests that the Court order Local 6 to supplement its earlier responses or meet and confer with WMAC by a date certain.

Respectfully Submitted,

Ronald J. Holland, Counsel for Plaintiff Waste Management of Alameda County, Inc.

Firmwide:85654785.1 046609.1456