
LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

# EXHIBIT A

May 1, 2008

Michael G. Pedhirney
Direct: 415.677.3117
Direct Fax: 415.743.6596
mpedhirney@littler.com

**VIA MAIL AND FACSIMILE 415.392.3729**

Kenneth C. Absalom, Esq.
Nevin & Absalom
22 Battery Street, Suite 333
San Francisco, CA 94111-5586

Re:   *Waste Management of Alameda County, Inc. v. Warehouse Union Local No. 6, ILWU -- Case No. C 07-03675 WHA*

Dear Mr. Absalom:

I am writing concerning the deficiencies in Defendant's responses to Plaintiff's First Request for Production of Documents and First Set of Special Interrogatories. Please consider this letter as Plaintiff's effort to meet and confer regarding the deficient responses.

**Request for Production of Documents**

<u>Request No. 19</u>

Defendant objected to this request on the basis that it is purportedly "vague, ambiguous, and overly broad." By this request, Plaintiff is simply seeking communications from Local 6, via its agents and representatives, to its members employed by Waste Management of Alameda County relating to the July 2007 work stoppage at the Company's facilities. Specifically, this request is intended to encompass, but not necessarily be limited to, (1) any communications between Local 6 and its members regarding whether employees should honor picket lines at Plaintiff's facilities during the July 2007 work stoppage or report to work during that time, and (2) any communications between Local 6 and its members regarding any fine or punishment that a member would be subject to for reporting to work during the July 2007 work stoppage. We believe this request is relevant and straightforward. To the extent that Defendant still believes the request is vague, ambiguous, and overbroad, please let us know so that we can attempt to satisfy Defendant's concerns.

In any event, we have reason to doubt Defendant's contention that it has conducted a reasonable and diligent search and has not found any documents responsive to this request. The Company possesses emails from Union agents responsive to this request, which we indicated in Plaintiff's Rule 26 Initial Disclosures. Therefore, we believe that the Union has responsive documents within its possession, custody, or control. Please ask your client to

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
650 California Street, 20th Floor, San Francisco, California 94108.2693  Tel: 415.433.1940  Fax: 415.399.8490  www.littler.com

Kenneth C. Absalom, Esq.
May 1, 2008
Page 2

conduct a diligent search for responsive documents by searching the records of all of its representatives and agents who represent WMAC employees. We believe that such a search will yield documents responsive to Request No. 19.

Request Nos. 20-28

Defendant's assertion that Requests Nos. 20-28 improperly encompass "confidential internal deliberations of the Local Union and its union membership that [are] neither relevant to any issue of fact or law relating to any claims for relief nor reasonably calculated to lead to the discovery of admissible evidence" is improper. Each of these requests pertain either to meetings and communications between the Union and its membership regarding the purported obligation of its members to honor picket lines at Plaintiff's facilities during the July 2007 work stoppage or the fines imposed upon Local 6 members who chose to report to work during that timeframe. As you know, at the heart of this case is Plaintiff's assertion that Local 6 engaged in an improper sympathy strike during the July 2007 work stoppage in violation of the parties' collective bargaining agreement by unlawfully threatening to fine (and subsequently fining) Local 6 members who exercised their right to report to work. Therefore, each of these requests is clearly relevant to the issues of law and fact pending in this dispute.

Defendant's refusal to produce documents responsive to these requests on the basis that the requests seek "confidential internal deliberations" of Local 6 is also inappropriate. We are not aware of any authority that suggests that Defendant may lawfully withhold such information on the basis of the purported confidentiality of such deliberations. If you are aware of any authority that supports your position, please direct us to such authority at your earliest convenience.

Request Nos. 29-30

Defendant's refusal to produce documents responsive to Request Nos. 29 and 30 on the basis of relevance is also improper. Plaintiff contends that Local 6 sanctioned an improper sympathy strike in July 2007 at Plaintiff's facilities by threatening to impose discipline against its members who reported to work during the Local 70 work stoppage. It is Plaintiff's understanding that Defendant carried out its threats, in part, by having its agents and representatives engage in video and/or audio surveillance on the picket lines at Plaintiff's facilities and the parking lots where Plaintiff's employees and visitors parked their automobiles during the July 2007 work stoppage. Plaintiff believes that one of the purposes of such surveillance was to discourage Local 6 members from reporting to work during this time. As such, information related to whether and the extent to which Local 6 engaged in surveillance of its members during the July 2007 work stoppage is clearly relevant to the issue of whether Defendant engaged in an improper sympathy strike. Moreover, Plaintiff is entitled to discover whether Local 6's agents or representatives engaged in any other

Kenneth C. Absalom, Esq.
May 1, 2008
Page 3

threatening behavior on the picket line that was intended to prevent Local 6 employees from reporting to work in July 2007. As you know the relevance standard in discovery is quite broad. We believe withholding responsive documents on the basis of relevance may be sanctionable. Please provide responsive documents.

**First Set of Interrogatories**

Interrogatory Nos. 5, 6, 9, 10, 11, 12, 13, 14, 15

Interrogatories Nos. 5 and 6 request the identities of Plaintiff's employees who have either been threatened with discipline or, in fact, disciplined by Local 6 for reporting to work at Plaintiff's facilities during the July 2007 work stoppage. Interrogatories 10-15 seek the identities of the individuals who attended or had an active role in various Union meetings in which Local 6 imposed discipline against Plaintiff's employees who reported to work during the July 2007 work stoppage.

As you know, Plaintiff contends that the employees had the right to choose for themselves whether to report to work during the work stoppage and that the Union violated the parties' contracts by instructing Local 6 members not to report to work during the July 2007 work stoppage and threatening and imposing fines against those members who reported to work during that time. The Company is entitled to gather information from witnesses at the Union's meetings to determine whether Defendant engaged in a sympathy strike in violation of the parties' agreements by threatening to fine (and subsequently fining) employees who reported to work. As such, we do not understand your objection on the basis of relevance.

The Union's objection on the basis that these interrogatories seek "information concerning internal union affairs which is confidential" is also improper. Please provide us with authority that supports your position that such information is confidential and not properly the subject of discovery. We are unaware of any applicable privilege. Plaintiff is willing to enter into a mutually acceptable protective order in the event that confidentiality remains a concern for Defendant.

Interrogatories 7 and 8

Interrogatory No. 7 requests Defendant's interpretation of the parties' July 12, 2005 letter of understanding, which clarifies the meaning of the No-Strike/No-Lockout provisions of the parties' collective bargaining agreements. Interrogatory No. 8 simply asks that Defendant state all facts supporting its interpretation of the same letter of understanding. Both requests are straightforward and unambiguous, and thus, Defendant's objection on the basis of vagueness appears frivolous.

Kenneth C. Absalom, Esq.
May 1, 2008
Page 4

Equally unavailing is Defendant's objection on the basis that the requests call for legal conclusions and the analyses and theories of Defendant's attorneys. An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. Proc. 33(a)(2); *see also O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 280-81 (C.D. Cal. 1999). Moreover, such interrogatories are not objectionable on the ground that they encroach on attorney work product. *See Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003). Therefore, Defendant's objections with regard to these interrogatories are improper.

Moreover, Defendant's claim that is has not had a sufficient opportunity to form an interpretation of the parties' July 12, 2005 letter of understanding is at best, disingenuous. Clearly, Defendant has formed an opinion regarding the interpretation of the letter of understanding as evidenced by the fact that it contends that its actions in this case were lawful and consistent with the parties' contract. Moreover, during the investigation of Plaintiff's unfair labor practice charge relating to the same conduct that forms the basis for Plaintiff's Complaint, Defendant submitted its interpretation of the letter of understanding to the National Labor Relations Board. As such, Defendant's objection is improper.

### Conclusion

We need to hear from you and receive your amended responses and documents no later than Monday, May 12, 2008. If we do not receive your amended responses and documents by that date, we will proceed to file a motion requesting that the Court order you to provide such responses and documents. We will of course ask the court to award our fees for doing so.

If you have any questions, please feel free to give me a call. Thank you for your professional courtesy and cooperation.

Sincerely,

Michael G. Pedhirney

MGP/

Firmwide:85069746.1 046609.1456

LAW OFFICES OF
# NEVIN & ABSALOM

**EXHIBIT B**

EDWARD J. NEVIN
KENNETH C. ABSALOM

22 BATTERY STREET
SUITE 333
SAN FRANCISCO, CA 94111-5514
TELEPHONE: (415) 392-5040
FACSIMILE: (415) 392-3729

E-MAIL:
ednevin@333law.com
kenabsalom@333law.com

May 15, 2008

LITTLER MENDELSON
MAY 16 2008
RECEIVED

Michael G. Pedhirney, Esq.,
Littler-Mendelson
650 California Street  20th Fl.
San Francisco, CA 94108

**FAX & US Mail 415-743-6596**

Re:  *Waste Management of Alameda County Inc. v. Local 6*
     Case No. C 07 - 03675 WHA

Dear Mr. Pedhirney:

This is in response to your "meet and confer" letter dated May 1, 2008. I am reviewing the documents we have already produced to determine whether there are any others which may be responsive to the requests you have identified as being deficient. I will be providing you a comprehensive response to your meet-and-confer letter by the middle of next week.

Very truly yours,

*Kenneth C. Absalom*

Kenneth C. Absalom



LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

| | |
|---|---|
| | ALABAMA |
| | ARIZONA |
| **EXHIBIT C** | ARKANSAS |
| | CALIFORNIA |
| Michael G. Pedhirney | COLORADO |
| Direct: 415.677.3117 | |
| Direct Fax: 415.743.6596 | |
| mpedhirney@littler.com | CONNECTICUT |

June 5, 2008

**VIA MAIL AND FACSIMILE 415.392.3729**

Kenneth C. Absalom, Esq.
Nevin & Absalom
22 Battery Street, Suite 333
San Francisco, CA 94111-5586

Re:  *Waste Management of Alameda County, Inc. v. Warehouse Union Local No. 6, ILWU* -- Case No. C 07-03675 WHA

Dear Mr. Absalom:

I am writing regarding the parties' outstanding discovery issues. Specifically, we have yet to receive any response to our May 1, 2008 "meet and confer" letter with the exception of your May 15, 2008 letter, in which you indicated that you would send us a comprehensive response to our letter by the middle of the week of the week of May 19, 2008. We understand that you have been busy attending to your wife, preparing for trial, and responding to your other clients' matters. However, with the discovery cut-off fast approaching, it is essential that Plaintiff receive all of the responsive documents and requested information soon so that it can proceed with taking the depositions of Defendant's witnesses prior to the discovery cut-off. Even with the recent continuance that was approved by the Court, the parties have limited time to complete discovery. In light of these time constraints, we respectfully request that you or an associate from your office either (1) provide amended responses and documents no later than June 10, 2008, or (2) provide a comprehensive response to the May 1, 2008 meet and confer letter by June 10, 2008. If we do not hear from your office by that date, we will have no choice other than to immediately request discovery relief from the Court.

In addition, we would like to promptly calendar the dates for the depositions of Victor Pamiroyan, Efren Alarcon, and Fred Pecker. It is our preference to take these depositions after you have complied with our discovery demands to avoid having to renotice them for additional time based on the documents you produce willingly or after a court order to do so. Please advise us at your earliest convenience of the dates that you and your client's representatives are available for those depositions. After we calendar those depositions, we will be happy to work with you to schedule the depositions of Plaintiff's key witnesses.

DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM®
650 California Street, 20th Floor, San Francisco, California 94108.2693 Tel: 415.433.1940 Fax: 415.399.8490 www.littler.com

Kenneth C. Absalom, Esq.
June 5, 2008
Page 2

If you have any questions or concerns, please do not hesitate to contact Ron or me. We look forward to hearing from you soon. As always, thank you for your professional courtesy and cooperation.

Sincerely,

Michael G. Pedhirney

MGP/

Firmwide:85424921.1 046609.1456

**LITTLER MENDELSON®**
A PROFESSIONAL CORPORATION

**EXHIBIT D**

March 17, 2008

Ronald J. Holland
Direct: 415.677.3119
Direct Fax: 415.399.8490
rholland@littler.com

**VIA FACSIMILE & U. S. MAIL**

Kenneth C. Absalom, Esq.
Nevin & Absalom
22 Battery Street, Suite 333
San Francisco, CA 94111

Re:   *Waste Management of Alameda County, Inc. v. Warehouse Union Local 6*
      Case No. 07-03675 EMC

Dear Mr. Absalom:

This letter is in response to your letter dated March 6, 2008 requesting a thirty (30) day extension in which to respond to the discovery propounded by Defendant in the above matter. As I informed your colleague last week, we agree to your request for a thirty (30) day extension so that Plaintiff's responses will be due on April 14, 2008.

With respect to your proposal to arbitrate, please contact me so we can discuss this further.

Very truly yours,

Ronald J. Holland

RJH/lml
cc:   Waste Management of Alameda County, Inc.
Firmwide:84561640.1 046609.1456

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
650 California Street, 20th Floor, San Francisco, California 94108.2693  Tel: 415.433.1940  Fax: 415.399.8490  www.littler.com



LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

# EXHIBIT E

CALIFORNIA

April 16, 2008

Ronald J. Holland
Direct: 415.677.3119
Direct Fax: 415.399.8490
rholland@littler.com

COLORADO

CONNECTICUT

DISTRICT OF COLUMBIA

**VIA FACSIMILE & U. S. MAIL**

FLORIDA

Kenneth C. Absalom, Esq.
Nevin & Absalom
22 Battery Street, Suite 333
San Francisco, CA 94111

GEORGIA

ILLINOIS

Re:  *Waste Management of Alameda County, Inc. v. Warehouse Union Local 6*
     Case No. 07-03675 EMC

INDIANA

Dear Mr. Absalom:

MASSACHUSETTS

This letter will confirm that we agree to your request for a further extension of five days within which to respond to the discovery propounded by Defendant from April 14, 2008 to April 18, 2008 in the above matter.

MINNESOTA

MISSOURI

Very truly yours,

NEVADA

*/s/ Ronald J. Holland/*

Ronald J. Holland

NEW JERSEY

NEW YORK

RJH/lml
cc:   Waste Management of Alameda County, Inc.
Firmwide:84910140.1 046609.1456

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM®
650 California Street, 20th Floor, San Francisco, California 94108.2693  Tel: 415.433.1940  Fax: 415.399.8490  www.littler.com

**LITTLER MENDELSON®**
A PROFESSIONAL CORPORATION

## EXHIBIT F

April 23, 2008

Michael G. Pedhirney
Direct: 415.677.3117
Direct Fax: 415.743.6596
mpedhirney@littler.com

**VIA MAIL AND FACSIMILE 415.392.3729**

Kenneth C. Absalom, Esq.
Law Offices of Nevin & Absalom
22 Battery Street, Suite 333
San Francisco, CA 94111-5586

Re:  *Waste Management of Alameda County, Inc. v. Warehouse Union Local No. 6, ILWU -- Case No. C 07-03675 WHA*

Dear Mr. Absalom:

I understand that you needed to reschedule the conference call, which had been scheduled for today at 3:00 p.m. to discuss outstanding issues in this case, including discovery. Your assistant informed us that you are available tomorrow for the conference call. We are available tomorrow at either 10:00 a.m. or 3:00 p.m. Please let either Ron Holland or me know if you are available at either time.

As you know, WMAC granted Local 6 an additional six weeks to respond to WMAC's written discovery. Several of Local 6's responses appear incomplete, unresponsive, or inaccurate, and thus, we will soon be sending you an additional letter in an attempt to meet and confer regarding those deficiencies. In the event that Local 6 is not willing to supplement or amend its initial responses, WMAC will have no choice but to file a motion to compel further responses.

In any event, given that the fact discovery cut-off is fast approaching, we believe that it is necessary to being scheduling depositions as expeditiously as possible. We propose that the depositions of Victor Pamiroyan, Efren Alarcon, and Fred Pecker be scheduled for May 13, May 19, and June 5, respectively. I have enclosed deposition notices for each witness.[1] Please let us know immediately if you and your client representatives are available on these proposed dates. After the parties schedule these depositions, we will provide you with dates subsequent to those three depositions on which Mr. Holland is available for his deposition.

---

[1] We are aware that Mr. Alarcon is no longer affiliated with Local 6, and thus, we will be serving him with a deposition subpoena. We will send you a copy of the subpoena once it has been served on Mr. Alarcon.

ALABAMA · ARIZONA · ARKANSAS · CALIFORNIA · COLORADO · CONNECTICUT · DISTRICT OF COLUMBIA · FLORIDA · GEORGIA · ILLINOIS · INDIANA · MASSACHUSETTS · MINNESOTA · MISSOURI · NEVADA · NEW JERSEY · NEW YORK · NORTH CAROLINA · OHIO · OREGON · PENNSYLVANIA · RHODE ISLAND · SOUTH CAROLINA · TEXAS · VIRGINIA · WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
650 California Street, 20th Floor, San Francisco, California 94108.2693  Tel: 415.433.1940  Fax: 415.399.8490  www.littler.com

Kenneth C. Absalom, Esq.
April 23, 2008
Page 2

If you have any questions or concerns, please do not hesitate to contact Ron Holland or me. Thank you for your attention to this matter.

Sincerely,

Michael G. Pedhirney

MGP/
Enclosures



**LITTLER MENDELSON®**
A PROFESSIONAL CORPORATION

**EXHIBIT G**

May 2, 2008

Michael G. Pedhirney
Direct: 415.677.3117
Direct Fax: 415.743.6596
mpedhirney@littler.com

**VIA MAIL AND FACSIMILE 415.392.3729**

Kenneth C. Absalom, Esq.
Nevin & Absalom
22 Battery Street, Suite 333
San Francisco, CA 94111-5586

Re:  *Waste Management of Alameda County, Inc. v. Warehouse Union Local No. 6, ILWU -- Case No. C 07-03675 WHA*

Dear Mr. Absalom:

I am writing as a follow-up to my April 30, 2008 letter. As you know, the discovery cut-off is fast approaching and the parties need to make all necessary preparations to complete discovery. Given these circumstances, we would appreciate it if you would provide us with the courtesy of letting us know immediately whether you and your client's representatives are available on the dates we proposed for their depositions in my April 23 letter and whether you are amenable to the continuances proposed in my April 30 letter.

If you have ay questions or concerns, please do not hesitate to contact either Ron or me. Thank you for your attention to this matter.

Sincerely,

Michael G. Pedhirney

MGP/

Firmwide:85103196.1 046609.1456

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM ℠
650 California Street, 20th Floor, San Francisco, California 94108.2693 Tel: 415.433.1940 Fax: 415.399.8490 www.littler.com