LAW OFFICES OF
# NEVIN & ABSALOM

EDWARD J. NEVIN
KENNETH C. ABSALOM
USHA VISWANATHAN

22 BATTERY STREET
SUITE 333
SAN FRANCISCO, CA 94111-5514
TELEPHONE: (415) 392-5040
FACSIMILE: (415) 392-3729

E-MAIL:
ednevin@333law.com
kenabsalom@333law.com
usha@333law.com

June 30, 2008

The Honorable William H. Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue, Courtroom 9
San Francisco. Ca. 94102

Re: Waste Management of Alameda County, Inc., v. ILWU, Local 6
Case No. C 07-03675 WHA.

Dear Judge Alsup:

This letter will serve as defendant, ILWU Local 6's ( "Local 6") response to the Plaintiff's letter filed with the Court on June 26th.

Before addressing the substantive issues raised by Plaintiff I want to acknowledge that Plaintiff's counsel has been most gracious in extending consideration to my unfortunate personal difficulties related to my wife's very serious medical condition which, along with my recent immersion in a jury trial in Sacramento County, has contributed to some of the delay in providing responses to the discovery propounded by Plaintiff. Plaintiff's letter to me dated June 5th was received when I was out of town in trial, which concluded but a week ago, so I did not have the opportunity to respond to it before Plaintiff's counsel filed the present request for the Court's intervention. Consequently, there are several issues raised in that letter which certainly can be resolved informally, and I will address each one below. However, there are certain issues about which we do have a substantive dispute that will require the Court's ruling.

Before Plaintiff filed its request with the Court, I had arranged a meeting with my clients for July 2nd to review outstanding discovery matters in this case, including getting dates for their depositions and preparing responses to the Second Request for Production of Documents ( not a matter presently before the Court). I expect to be able to offer dates for the depositions to be taken within the next couple of weeks.

As to the dispute over the written discovery, Defendant responds as follows:

1. <u>The Underlying Dispute</u>: It is important to place the discovery issues in the proper contextual setting. In its letter Plaintiff mischaracterizes the thrust of its lawsuit as arising from Local 6's conduct which it characterizes as " unlawfully threatening its members with fines for

crossing the other union's picket lines and by actually fining members for such conduct." By stating the dispute in this manner the Plaintiff is trying to justify the discovery requests it has propounded which are principally directed at the internal disciplinary proceedings which Local 6 members initiated against some of their fellow members who refused to join the labor action which Local 6 had sanctioned against Waste Management when it locked out garbage drivers represented by Teamsters Local 70. This is not the basis of this action.

Rather in its Complaint Waste Management asserts a single Claim for Relief Based on Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). That claim alleges that Local 6 violated the applicable collective bargaining agreements when it engaged in a sympathy strike in solidarity with Teamsters Local 70, whose members were locked out by this Plaintiff. ( Complaint ¶ 31, 32). The central issue which will have to be resolved at trial is whether the collective bargaining agreements barred Local 6 from engaging in such sympathetic action. Local 6 contends that the express provisions of the contracts permit such action where, as here, the locked out union ( Local 70 ) was "denied the means of a peaceful settlement of its dispute". (Exhibit A to Complaint at page 18, Section 25 (a)). Moreover, the Letter of Understanding between these parties, attached to the Complaint as Exhibit "D") does not prohibit the kind of primary activity which was engaged in by Local 6 in these circumstances, in fact the specific definition of "sympathy strike" contained in that Letter makes it patently clear that the parties did not restrict Local 6's right to support another Union which had a primary dispute at the subject work site – it only limits such action where stranger unions might attempt to extend their picket lines to this location.

This is not the occasion for the Court to make a definitive ruling on the merits of either sides position with respect to the correct interpretation and application of the governing contract language. But the important point is that Local 6 has never denied that it engaged in a sympathy strike in this case, the dispute is simple whether it was somehow prohibited from doing so by the language in the collective bargaining agreements. If Local 6 is correct that it was permitted to engage in such action, then it had the right under the law, and under its own Constitution, to direct its members to honor Local 70's picket lines and to fine those who declined to do so. Accordingly, discovery into the internal disciplinary proceedings, or communications from Local 6 to its members relating to the labor dispute and their obligations as members of Local 6, is entirely irrelevant to any issue in this case.

With the foregoing discussion of the contextual setting we now address the Plaintiff's specific discovery demands which are before the Court.

2. <u>Requests for Production No. 19:</u>  Local 6 responded to this request by stating that it had conducted a diligent search and found no responsive documents. I will revisit that subject with my clients on July 2nd and will provide Plaintiff a supplemental response by July 16th.

3. <u>Requests for Production Nos. 20-28:</u>  As noted by Plaintiff in their May 1st letter, these requests seek information relating to discussions and communications between Local 6 and its members regarding their obligations to honor picket lines. Plaintiff has been assisting several of the disciplined members in filing unfair labor practice charges with the National Labor Relations Board to challenge the fines and other discipline imposed upon them, most recently in Cases 32-CB-6414 and 6417; the Regional Director has deferred processing those charges until the underlying

contractual dispute, which is before this Court, has been resolved.[1] It appears that Plaintiff is attempting to use the discovery proceedings in this case to assist those persons who have filed the charges with the NLRB. In any case, the internal communications and deliberations of Local 6 with its members are not relevant to any issue in the present action because we do not deny that Local 6 engaged in a sympathy strike and directed its members to honor the picket lines. Consequently, whatever may have been communicated to the members regarding their obligations or the consequences of their failure to honor the picket lines is not relevant, nor is such information reasonably calculated to lead to the discovery of evidence that would be admissible at trial on any issue to be decided in this case, rather it would embroil the Court and Parties in time consuming, collateral matters.

    4. <u>Requests for Production Nos. 29-30</u>: By these requests the Plaintiff is seeking videos of individuals crossing picket lines. Such information, even if it exists, for the reasons outlined above has no remote relevancy to the issue in this case, that is whether Local 6 was permitted under the collective bargaining agreements to engage in sympathetic action.

    5. <u>Interrogatories Nos. 5,6,9,10,11,12,13,14,15.</u>: As with the document requests, these interrogatories seek only information relevant to the question of discipline of union members and communications made to such members about their obligations under the Constitution of Local 6 to honor such sanctioned picket lines. The only justification advanced by Plaintiff for this information in its May 1st letter was that it needed such information to "determine whether defendant engaged in a sympathy strike in violation of the parties' agreements …." Again, there is no dispute that Local 6 engaged in a sympathy strike – that is conceded. Thus, this information has no bearing whatsoever on any issue in this case relating to whether there was any contractual restraint on Local 6 to engage in such conduct. Accordingly, these interrogatories seek information that is neither relevant to nor likely to lead to the discovery of admissible evidence in this particular case.

    6. <u>Interrogatories Nos. 7 and 8</u>: Upon further consideration, Local 6 will provide a substantive response to each of these interrogatories and will do so by no later than July 16th.

    In closing, Defendant will provide the supplemental responses indicated above. With respect to the scope of the discovery seeking information relating to the internal union disciplinary proceedings we respectfully request the Court to deny Plaintiff's application for an order directing Local 6 to produce such information on the grounds that it is irrelevant to any issue in this action and will consume unnecessary time and resources to supply. Such evidence would not be admissible under FRE 401, or FRE 403.

Respectfully Submitted
LAW OFFICES OF NEVIN & ABSALOM

_____
Kenneth C. Absalom

---

[1] The NLRB elicited a withdrawal of an earlier unfair labor practice charge filed by Waste Management in order to avoid its dismissal in which Waste Management argued that Local 6 had committed an unfair labor practice by engaging in this same sympathy strike. That Charge was based on the same contractual provisions as are the subject of this action.